IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEXAS MOLECULAR LIMITED PARTNERSHIP; TEXAS MOLECULAR MANAGEMENT, L.L.C.; TM CORPUS CHRISTI SERVICES LIMITED PARTNERSHIP; TM CORPUS CHRISTI SERVICES MANAGEMENT, L.L.C.; TM DEER PARK SERVICES MANAGEMENT, L.L.C.; AND TM DEER PARK SERVICES, L.P.,<br>    Plaintiffs<br><br>VS.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; AND AID DOMESTIC CLAIMS, INC. | § § § § § § § § § § § § § § § § § § § § | C.A. No. C-08-07 |

## ORDER GRANTING MOTION TO COMPEL
## PRODUCTION OF INCIDENT REPORT

Pending is a motion by defendants American International Specialty Lines Insurance Company ("AISLIC") and AIG Domestic Claims, Inc. ("AIGDC") to compel the production of an Errors and Omissions Incident Report ("report") prepared by Arthur J. Gallagher Strategic Risk Management Services, Inc. and/or Arthur J. Gallagher of Texas, Inc. ("Gallagher"). The United States District Judge referred the motion to the undersigned and hearings were held in the matter on July 28, 2008 and July 29, 2008. Based on the reasons below, the motion is GRANTED.

Gallagher, who is not a party to this litigation, submitted the report on April 8, 2008 as part of a response to a discovery subpoena served by plaintiffs and defendants in this case (D.E. 49, Ex. A).  On July 23, 2008 Gallagher's counsel sent a letter to defendants' counsel stating that he had recently learned that the document had been submitted as part of the response to the subpoena and that the document was subject to the attorney-client privilege.  He asked that the document be returned to him pursuant to Fed.R.Civ.P. 26(b)(5)(B).

Upon receipt of the letter, defendants placed the report in a sealed envelope and stated they had not disseminated it, although they disagreed that the report was subject to the attorney-client or work product privilege.  In addition they responded that any privilege had been waived because Gallagher failed to take remedial action for more than three months after submitting the document.

## APPLICABLE LAW

Gallagher argues that the report is protected under both the attorney-client privilege and the work product doctrine.  Under the attorney-client privilege, "a corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services."  Nguyen v. Excel Corp., 197 F.3d 200, 206 (5th Cir. 1999)(citing 3 JACK B. WEINSTEIN ET AL.,

WEINSTEIN'S FEDERAL EVIDENCE §§ 503.10, 503.11, at 503-14-15 (2d ed. 1999) and Upjohn Co. v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)).

The work product doctrine "works to protect the mental process of an attorney from inquiry by opposing party." Smith v. Diamond Offshore Drilling, Inc., et al., 168 F.R.D. 582, 583 (S.D. Tex. 1996)(citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947)). The privilege applies to documents prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); In re Kaiser Alum. & Chem. Co., 214 F.3d 586, 593 (5th Cir. 2000), cert. denied 532 U.S. 919, 121 S.Ct. 1354 (2001). Litigation does not need to be imminent "'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" United Staes v. El Paso Co., 682 F.2d 530, 542 (5th Cir. 1982)(quoting United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981)); accord Kaiser Alum., 214 F.3d at 593. Documents and materials assembled in the ordinary course of business or pursuant to public requirements unrelated to the litigation, or for other nonlitigation purposes, are not entitled to work product protection. Fed. R. Civ. P. 26(b)(3), Advisory Committee's note. The burden of establishing that a document is work product is on the party who asserts the claim. Hodges, Grant & Kaufman v. United States Dept. Treas., 768 F.2d 719, 721 (5th Cir. 1985)(citing Hickman, 329 U.S. at 511-12, 67 S.Ct. at 394). The proponent of the privilege must establish (1) that an attorney-client relationship existed; (2) that the particular communications at issue are privileged and (3) that the privilege was not

waived.  Apex Mun. Fund v. N-Group Securities, 841 F.Supp. 1423, 1426 (S.D. Tex. 1993)(citing United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)).

Regarding the first prong of the test, it is not clear from the face of the document that an attorney-client relationship existed because the document came from two individuals and was to be completed if the individual had "knowledge of any incidents or situations which may reasonably be expected to result in claims, which have not yet been reported to the Corporate E&O Committee." (Report, submitted under seal, D.E. 51).  Although the report references the underlying lawsuit in this case, it does not appear to have been prepared expressly for the legal department at Gallagher, but rather for the Corporate Errors and Omissions Committee.  Gallagher has not shown that an attorney-client relationship existed between the parties giving and receiving the report.

Under the second prong of the test, Gallagher must show that the particular communication was privileged.  The work product doctrine does not shield all materials prepared by or for a lawyer.  Rather it focuses on materials assembled and brought into being in anticipation of litigation.  United States v. El Paso, 682 F.2d at 542.  "Excluded from work product materials, as the advisory committee notes to Rule 26(b)(3) make clear, are "(m)aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation...." Id. (citing 48 F.R.D. 487, 501).

The report at issue here is a fill-in-the-blank form that appears to be prepared on a monthly basis and submitted to the Corporate Errors and Omissions Committee.

Nothing on the face of the document indicates that it was prepared in anticipation of litigation and it was not sent to or from the legal department at Gallagher.

Finally, even if the report is privileged under the attorney-client or work product doctrine, Gallagher waived the privilege. In Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323 (N.D. Cal., 1985), the court set forth the following elements for determining when an inadvertent disclosure of privileged information waived the privilege: (1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure and (5) the "overriding issue of fairness." Id. at 331-332 (citing Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103, 105 (S.D.N.Y. 1985)).[1]

In this case, Gallagher did not take reasonable precautions to mark the document as protected by attorney-client privilege and it was not apparent from the face of the document that it was privileged. Also, the time taken to rectify the error was substantial--three months passed from the time the document was tendered to defendants until it was brought to Gallagher's attention that it might be protected by privilege and they attempted to have the document returned to them.

Regarding the scope of discovery, it was fairly limited. Counsel for Gallagher stated that they tendered "two banker boxes" of documents to defendants. Two boxes

---

[1] The Fifth Circuit Court of Appeals approved the Hartford test in Alldread v. City of Grenada, 988 F.2d 1425, 1434 (5th Cir. 1993).

5

would not hold such a number of documents that they could not have been reviewed fairly quicky and easily.

The disclosure in this case was complete as defendants' counsel states that the report was repeatedly reviewed prior to receipt of Gallagher's July 23, 2008 letter. Finally, regarding the issue of fairness, the report states only that a lawsuit has been filed on a coverage issue between an insured and an insurer. Although Gallagher was the insurance broker, nothing on the face of the report appears to prejudice Gallagher or imply that Gallagher faces any liability in the ongoing lawsuit. Overall, it does not appear unfair for the defendants to have access to the report.

Defendants' motion to compel production of the incident report is GRANTED.

ORDERED this 31st day of July, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE